Jones, J.
concurred. The statute gives rise to three questions.
1. The nature of the action. Whether debt lies ? and it is adjudged that it does. For when a sum is given by a statute and no remedy is pointed out, debt lies. Proby and Lunley’s case. Mo. 883.
*2. The words of the statute being: He that makes execution &c. shall have the fee: When the sheriff makes his warrant to the bailiff of a liberty who makes execution; and one of them makes the extent and the other the liberate, which of them shall have the fee?
3. With regard to the sum in question, I concur with Doderidge, for the reason he has given.
Whitlock, J.
So do I. In Lunley’s case, it was adjudged that the sheriff may refuse to do execution, until his fee be paid.
The question is here out of the proviso; whether it extends to executions done in cities on a writ out of this court; or only when a judgment is given there, and execution made on a warrant from this court.
Crew, C. J. Doderidge, Jones and Whitlock, Justices, agreed that in this case the sheriff is out of the proviso.
Doderidge, J.
said, when a bailiff in a city makes execution on a warrant, he has not so much trouble and care. But the sheriff’s labour is the same, when he makes execution there: therefore he is out of the proviso. When the *53 city is a county of itself, if the sheriff of bailiff makes execution, perhaps he shall not have the fees limited in the statute.
Jones, J.
I agree to the main question. But I would make it a question, if an execution was to issue out of this court, to take a defendant in a city: and the sheriff makes a warrant to a bailiff there. Whether he is entitled to the fees in this statute? But if the town be a county of itself, on execution out of this court, he ought to have the fees.
Doderidge, J. and Whitlock, J. assented.—
And afterwards judgment was given for the plaintiff. Doderidge, J. Jones, J. and Whitlock, J. being of an opinion, and Crew, C. J. of another. Jones, J. cited a case. In 19 Jac. Empson vs. Bathrust, in the Common Bench on the same question, where the court was divided. But he was of the same opinion there as here, and it was adjudged that the sheriff cannot take a double obligation for his fee, inasmuch as the statute gives him his fee but no penalty. Antea, p. 17. Postea, p. 54. Palm. 397. 1 Bendl. 191. Poph. 173. Noy 75. Cr. 287. Vin. 20 and 50.